THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT WALLACE, Plaintiff in Error.

*Opinion filed December 16, 1914.*

CRIMINAL LAW—*act relating to contributing to delinquency of children applies only to persons in loco parentis.* The act of 1905, which provides for the punishment of persons contributing to the delinquency of children, (Hurd's Stat. 1913, p. 808,) applies only to persons standing *in loco parentis,* and an averment of such relation is essential to an information charging a violation of the act. (*People* v. *Melville, ante,* p. 176, followed.)

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

JOHN L. HOPKINS, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and D. E. DETRICH, (GEORGE P. RAMSEY, of counsel,) for the People.

Per CURIAM: Plaintiff in error was charged in an information with encouraging, aiding, abetting and conniving at the delinquency of a minor female child sixteen years

of age and doing acts that directly produced and contributed
to conditions which rendered said female child a delinquent.
He moved to quash the information but the motion was
overruled, and he thereupon pleaded not guilty, waived trial
by jury in writing, and upon a trial by the court was found
guilty. A motion in arrest of judgment was overruled and
plaintiff in error was sentenced to imprisonment for four
months in the house of correction and to pay a fine of $100
and costs. That judgment has been affirmed by the Appel-
late Court, and defendant below has sued out a writ of
error from this court.

The information charges that plaintiff in error "did
unlawfully, willfully and knowingly encourage, aid, cause,
abet and connive at the delinquency of one Dorothy Roch-
enbusch, a minor female child under the age of eighteen
years, to-wit, sixteen years, and did then and there know-
ingly and willfully do acts that directly produced, promoted
and contributed to conditions which rendered said Dorothy
Rochenbusch a delinquent child, in that the said Robert
Wallace did then and there take the said Dorothy Rochen-
busch to a room in the Ontario Hotel, at 616 North Clark
street, in the city of Chicago, contrary to the form of the
statute," etc. The evidence is not preserved by a bill of
exceptions.

One of the grounds relied upon for a reversal of the
judgment is, that the information does not allege plaintiff
in error is the parent, legal guardian or custodian of the
alleged delinquent child, the contention being that the stat-
ute is applicable only to persons standing *in loco parentis.*
The precise question, under the same statute, was before
us in *People* v. *Melville,* (*ante,* p. 176,) where the same
contention was made by the plaintiff in error in that case
and was sustained. It was there held that an information
under paragraph 42*hb* of chapter 38 (Hurd's Stat. 1913,
p. 808,) which failed to allege that the defendant stood *in*

*loco parentis* to the child named in the information failed to charge a crime. That case is conclusive of this one.

The judgments of the Appellate and municipal courts are reversed.                                    *Judgment reversed.*